IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EZEADIGO C. ODUCHE-NWAKAIHE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-564-SLR |
| | ) | |
| THOMAS V. DURAN, Warden, and | ) | |
| and JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

Ezeadigo C. Oduche-Nwakaihe.  Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

**MEMORANDUM OPINION**

November ⅃⅃ , 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is petitioner Ezeadigo C. Oduche-Nwakaihe's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 2)  For the reasons that follow, the court will dismiss petitioner's § 2254 application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In October 2006, petitioner was arrested and subsequently indicted, inter alia, for first degree rape.  At the time of his arrest, petitioner was on probation resulting from his March 30, 2006 guilty plea to the charge of aggravated menacing.  *See Oduche v. United States Department of Homeland Security*, 607 F. Supp. 2d 676, 678 (D. Del. 2009).  On February 20, 2007, petitioner pled guilty to fourth degree rape as a lesser included offense of first degree rape.  The State *nolle prossed* the remaining charges. Petitioner was immediately sentenced to fifteen years incarceration, suspended for time served, followed by a period of probation.  *Oduche v. State*, 970 A.2d 257 (Table), 2009 WL 996363 (Del. Apr. 14, 2009).  He did not appeal his fourth degree rape conviction or sentence to the Delaware Supreme Court.

On September 11, 2007, petitioner was arrested by federal immigration authorities and is currently being held in Pennsylvania pending deportation.  *See Oduche-Nwakaihe v. Attorney General of the United States*, 363 F. App'x 898 (3d Cir. 2010).  Soon after this detention by federal immigration authorities, petitioner filed six motions for post-conviction relief pursuant to Delaware Superior Criminal Rule 61 ("Rule 61 motions") in rapid succession.  The first five Rule 61 motions were filed on the

following dates:  October 26, 2007; November 5, 2007; November 7, 2007; November

16, 2007; and January 31, 2008.  *State v. Oduche-Nwakaihe*, RK06-10-1890-01,

Comm'r. Rep. & Rec. (Del. Super. Ct. Aug. 28, 2008).  On February 6, 2008, the

Superior Court sent a notice of non-compliance to petitioner instructing him to file his

motion on the correct form.  *Id.*  On February 19, 2008, petitioner filed his sixth and final

Rule 61 motion and attached a "Memorandum of Law."  All six motions alleged

ineffective assistance of counsel and several of those motions alleged that his guilty

plea to fourth degree rape was coerced.  A Superior Court Commissioner reviewed the

six Rule 61 motions as one motion, and denied all claims for relief as meritless.  *Id.*

The Superior Court adopted the Report and Recommendation on January 22, 2009,

and the Delaware Supreme Court affirmed that decision.  *Oduche v. State*, 970 A.2d

257 (Table), 2009 WL 996363 (Del. Apr. 14, 2009).  Petitioner was discharged from the

probationary sentence related to his rape conviction on August 29, 2008.  (D.I. 50, Del.

Super. Ct. Dkt. Entry No. 51)

      The instant habeas application is dated June 23, 2009, and challenges

petitioner's conviction in February 2007 for fourth degree rape.  (D.I. 2)  The State filed

an answer, asking the court to dismiss the application for lack of subject matter

jurisdiction because petitioner is not "in custody" for the purposes of a § 2254

application challenging a state court judgment.  Alternatively, the State asks the court to

dismiss the application as time-barred.  (D.I. 13)

## III. DISCUSSION

A federal district court has jurisdiction to entertain an application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 only if the petitioner is "in custody" pursuant to the state court judgment or sentence he is attacking at the time the application is filed. 28 U.S.C. § 2254; *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *United States ex rel. Wojtycha v. Hopkins*, 517 F.2d 420, 423 n.6 (3d Cir. 1975) ("in custody" jurisdictional requirement is determined as of the date the [application] is filed in the district court"). Petitioner's habeas application, dated June 22, 2009, asserts two claims challenging his February 2007 conviction in Delaware for fourth degree rape. Petitioner, however, completed his sentence for the 2007 rape conviction on August 29, 2008, when the Superior Court discharged his probation as unimproved. (D.I. 15) In other words, petitioner was released from Delaware state custody on August 29, 2008.

The record reveals that petitioner was in the custody of the U.S. Department of Homeland Security awaiting deportation when he filed the instant application. Petitioner's "immigration detention," however, does not satisfy the "in custody" requirement of § 2254 with respect to his present challenge to his 2007 rape conviction in Delaware.[1] *See Ogunwomoju v. United States*, 512 F.3d 69, 74-75 (2d Cir. 2008). Accordingly, the court will dismiss the application for lack of jurisdiction because

---

[1] In fact, the Third Circuit has already held that petitioner is not "in custody" for the purpose of habeas review with respect to another habeas application denied by this court; that application involved petitioner's March 2006 conviction in Delaware for aggravated menacing. *See Oduche-Nwakaihe v. Department of Homeland Security, et. al.*, 3d Cir., C.A. No. 09-2277 ("Appellant has not shown that he should be considered 'in custody.'").

petitioner is not "in custody" for § 2254 purposes.[2]

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The court has concluded that it lacks subject matter jurisdiction over petitioner's application. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

---

[2]Having determined that it lacks jurisdiction over the instant proceeding, the court will not address whether the application is time-barred.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied.  An appropriate order shall issue.